IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Ahmad Saqr, *et al.*, | : | |
| Plaintiffs, | : | Case No. 1:18-cv-542 |
| v. | : | Judge Dlott |
| University of Cincinnati, *et al.*, | : | Magistrate Judge Bowman |
| Defendants. | : | |

**STIPULATED PROTECTIVE ORDER AND ORDER FOR RELEASE OF DISCOVERABLE MATERIALS OTHERWISE COVERED BY THE PRIVACY ACT, FAMILY EDUCATIONAL RIGHTS AND PRIVACY ACT, AND HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT**

The parties expect the disclosure of documents in this case to involve the exchange of sensitive information, including, inter alia, medical information, personally identifying information with respect to students or employees, education records, and other information that may be covered by the Health Insurance Portability and Accountability Act (HIPAA), Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, 34 C.F.R. Part 99, or other federal or state law. In order to permit discovery, the parties stipulate and agree to, and the Court finds good cause for, entry of a Protective Order and Order for Release of discoverable materials otherwise protected by HIPAA, FERPA or other law pursuant to Federal Rule of Civil Procedure 26(c).

It is hereby ordered that:

1. **Scope.** All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information

derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning confidential information as set forth below. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Form and Timing of Designation.** A party may designate documents as confidential and restricted from disclosure under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation. Documents shall be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents. Inadvertent failure to designate a document as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER may be corrected by supplemental written notice given as soon as practicable. The designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3. **Documents Which May be Designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.** Any party may designate documents as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, education records, or such other sensitive information that is not publicly available. Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. If non-

confidential information is contained in or otherwise derived from confidential materials, any portion that consists solely of non-confidential information shall not be confidential for purposes of this Order.

4. **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. Counsel for any party in this case may designate deposition testimony or any portion of deposition testimony as confidential by advising the court reporter and counsel of such designation during the course of the deposition. Thereafter, the deposition transcripts and any of those portions so designated shall be protected as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order.

5. **Medical Information.** The parties shall treat as confidential any information related to the medical condition, history and/or treatment of any person identified by the parties as having information relevant to this litigation, regardless of the method by which such information was obtained and regardless of whether such information has been disclosed in any manner prior to the date of this Order. Without limiting the foregoing, any of the parties' discovery requests or responses that reference, contain, or attach information or documents related to such medical condition, history and/or treatment are hereby designated as confidential and subject to the provisions of this Order. The fact that such information is not marked as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or that it was received by a third party or disclosed prior to the entry of this Protective Order shall not alter the parties' obligations under this paragraph.

6. **Protection of Confidential Material.**

   a. **General Protections**. Documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 6(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action including any appeals.

   b. **Limited Third-Party Disclosures**. The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (i)–(vii). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER:

   i. **Counsel**. Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

   ii. **Parties**. Parties and employees of a party to this Order;

   iii. **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

   iv. **Mediators.** Any mediator used to attempt resolution of this litigation;

   v. **Witnesses.** Witnesses or potential witnesses (and their counsel) in preparation for or during the course of depositions, hearings, interviews, or trial in this action, but only if permitted by HIPAA, FERPA or other law. In addition, such persons shall, in advance of disclosure, complete the certification contained

in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

    **vi.**    **Designated Experts**. Designated experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

    **vii.**    **Others by Consent**. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

    **c.**    **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

    **d.**    **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" if the

words do not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order.

    e.    **Inadvertent Production.** Inadvertent production of any document or information without a designation of "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be governed by Federal Rule of Evidence 502.

7.    **Filing of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents Under Seal.** To the extent that a brief, memorandum, pleading, or other court filing references any document marked as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, then the brief, memorandum, pleading, or other court filing shall refer the Court to the particular document filed under seal without disclosing the contents of any confidential information.

    a.    Before any document marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the document as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

    b.    Where agreement is not possible or adequate, a CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER document shall be filed in accordance with Local Rule 5.2.1 (Sealed Documents) of the United States District Court for the Southern District of Ohio and any other procedures set forth in the presiding judge's standing orders or other relevant orders. See <u>Shane Group, Inc. v. Blue Cross Blue Shield of Michigan</u>, 825 F.3d 299 (6th Cir. 2016).

      c.      To the extent that it is necessary for a party to discuss the contents of any confidential information in a document filed with the Court, then such portion of the document may be filed under seal with leave of Court. In such circumstances, counsel shall prepare two versions of the document, a public and a confidential version. The public version shall contain a redaction of references to CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents. The confidential version shall be a full and complete version of the document and shall be filed under seal in accordance with Local Rule 5.2.1 (Sealed Documents) of the United States District Court for the Southern District of Ohio and any other procedures set forth in the presiding judge's standing orders or other relevant orders.

8.    **Challenges by a Party to Designation as Confidential**. Any CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or nonparty with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. The parties shall meet and confer within twenty (20) business days of receipt of the objection. If agreement is reached confirming or waiving the CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

9.    **Action by the Court**. Any party to the above-captioned case may petition this Court concerning a violation of this Order and request any available remedies, including, but not limited to, contempt proceedings. Applications to the Court for an order relating to any documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER shall be by

motion under Local Rule 7.2 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

10. **Use of Confidential Documents or Information at Trial.** All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.). The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

11. **Information Made Public or Received from a Third Party**. Notwithstanding anything to the contrary herein, the parties to the above captioned case shall have no obligation under this Order with respect to information that:

    a. Is or becomes publicly available (except as by unauthorized disclosure); or

    b. Is received from a third-party who is rightfully in possession of such information and who has the right to disclose it.

12. **Obligations on Conclusion of Litigation.**

    a. **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    b. **Return or Destruction of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents.** Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in ¶ 6(d), shall be returned to the producing party or the producing party's counsel or representative or destroyed, unless: (1) otherwise ordered by the Court for good cause shown, (2) the return or destruction of such materials is prohibited by law, or (3) the document has been offered into evidence or filed without restriction as to disclosure

    c. **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the party who originally produced the documents filed under seal or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

13. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1, 7.2 and the presiding judge's standing orders or other relevant orders.

14. **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.

Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

15. **No Superseded Laws.** This Order in no way alters or supersedes the parties' responsibilities under this Court's Electronic Filing Policies and Procedures, or any other applicable confidentiality laws, rules or regulations.

16. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

17. **Further Limits of this Order.** Entering into, agreeing to, and/or complying with the terms of this Order shall not:

   a. Prejudice in any way the rights of any party to object to the production of documents or information it considers non-discoverable, or to seek a Court determination whether particular discovery materials should be produced;

   b. Prejudice a party from seeking modification or rescission of this Protective Order;

   c. Prejudice a party from seeking further protection of any confidential information; or

   d. Prevent a party from objecting on any ground to the admission into evidence, at any trial, hearing, or public proceeding in this matter, of any type or classification of information produced or disclosed pursuant to this Order.

18.  Nothing in this Order shall prevent non-parties from asserting their own privacy rights in documents held by the parties, including but not limited to those rights provided by FERPA, nor shall this Order prevent Defendants from fulfilling the obligations and responsibilities regarding student privacy placed on them by FERPA.

IT IS HEREBY ORDERED.

Dated: 4/18/19

*Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**WE SO STIPULATE and agree to abide by the terms of this Order**

*s/ Matthew Miller-Novak per 4/15/19 email authorization*

MATTHEW MILLER-NOVAK (0091402)
Godbey & Associates
708 Walnut St., Suite 600
Cincinnati, Ohio 45202

*s/ Brian P. Gillan per 4/15/19 email authorization*

BRIAN P. GILLAN (0030013)
Freking Myers & Reul, LLC
600 Fine St., 9th Floor
Cincinnati, Ohio 45202

*Counsel for Plaintiffs*

**WE SO STIPULATE and agree to abide by the terms of this Order**

*s/ Reid T. Caryer*

REID T. CARYER (0079825)
ELIZABETH HOWELL (0092605)
Assistant Attorneys General
Ohio Attorney General's Office
Education Section
30 East Broad Street, 16th Floor
Columbus, OH 43215

*Counsel for Defendants*

Attachment A

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| Ahmad Saqr, *et al.*, | : |
| Plaintiffs, | : |
| v. | : **STIPULATED PROTECTIVE ORDER** |
| University of Cincinnati, *et al.*, | : |
| Defendants. | : |

## ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in *Ahmad Saqr, et al. v. University of Cincinnati, et al.*, Civil Action No. 1:18-cv-542 (S.D. Ohio) and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of Ohio in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Dated: _____     _____
                                  (Signature)

                                  _____
                                  (Print Name)

                                  _____
                                  (Job Title)

                                  _____
                                  (Home or Business Address)

                                  _____
                                  (Home or Business Address Continued)