**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

AHMAD SAQR, et al.,

    Plaintiff,

v.

THE UNIVERSITY OF CINCINNATI, et al.,

    Defendants.

Case No: 1:18-cv-542

Dlott, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

On August 3, 2018, two brothers, Ahmad Saqr and Omar Saqr, filed suit against the University of Cincinnati and the University of Cincinnati College of Medicine (collectively "UC").[1] Pursuant to an Order of the presiding district judge, this case has been referred to the undersigned magistrate judge. (Doc. 3).

UC has filed a motion for judgment on the pleadings under Rule 12(c), to which Plaintiffs have filed a response and UC has filed a reply. (Docs. 19, 22, 23). The undersigned granted Plaintiffs' request for oral argument. Having heard oral argument and having reviewed the parties' written submissions, the undersigned now recommends that UC's motion be GRANTED as to Plaintiffs' original complaint.

### I.   Background

Plaintiffs' complaint alleges that Defendants violated the Americans with Disabilities Act, the Rehabilitation Act, and Title VI as well as related state laws, when UC's Performance and Advancement Committee recommended Plaintiffs' respective

---

[1] Despite being identified as separate Defendants, UC states that the University of Cincinnati College of Medicine is not a separate legal entity from the University of Cincinnati. Plaintiffs' original complaint and memorandum in opposition inconsistently refer to UC as both a single "Defendant" and "Defendants."

dismissals from UC's medical school program and those recommendations were upheld by an appeal panel. In lieu of an answer, Defendants filed a motion to dismiss based upon a lack of federal jurisdiction and for failure to state a claim. (Doc. 6). On February 20, 2019, the undersigned recommended that UC's motion to dismiss be granted on most - but not all - claims. (Doc. 11). Specifically, the R&R recommended that:

> UC's motion to dismiss Plaintiffs' claims in their entirety (Doc. 6) be **GRANTED ONLY IN PART**, with judgment to be entered in favor of Defendant(s) UC on Counts I and II (ADA claims except for the portion of Count I that seeks injunctive relief), Count III (Rehabilitation Act claims), Count IV (state discrimination claim), Count VI (Title VI retaliation claim); and Count VII (state breach of contract claim). **IT IS FURTHER RECOMMENDED THAT** judgment be granted to UC and that the motion be **GRANTED** as to the portion of Count V in which Plaintiff Omar asserts a Title VI discrimination claim but **DENIED** as to the portion of Count V that sets forth Plaintiff Ahmad's claim. Thus, proceedings should continue at present for Plaintiff Ahmad's Title VI discrimination claim and for both Plaintiffs' claims for injunctive and declaratory relief under the ADA.

Neither Plaintiff nor UC filed any objections to the R&R, which was adopted as the opinion of the Court on March 14, 2019. (Doc. 15).

On April 15, 2019, Defendants filed a new motion for judgment on the pleadings, seeking the dismissal of Plaintiffs' claims for declaratory and injunctive relief under Title II of the Americans with Disabilities Act ("ADA"). (Doc. 19). In response, Plaintiffs argue that Defendants "are attempting to revisit" and "relitigate" issues previously decided in the R&R; namely, whether or not the doctrine of sovereign immunity applies to bar Plaintiffs' claims for injunctive and declaratory relief against UC. (Doc. 22).

In addition to their opposition to Defendants' motion for judgment on the pleadings, on September 6, 2019, Plaintiffs filed a motion seeking leave to file a first amended complaint. (Doc. 28). Plaintiffs' motion accurately reflects that this case remains in its infancy. The motion further asserts that the "amendments will not substantially change

2

the nature of the case" and that the proposed amended complaint only seeks to restate "the claims that survived Defendant's Motion to Dismiss." (*Id.* at 3). In contrast to that assertion, however, a cursory review of the proposed amended complaint reflects the addition of two new individual Defendants, Andrew Filak Jr. and Laura Malosh, both of whom Plaintiff seeks to add in their official capacities.

At oral argument, Plaintiffs' counsel explained that the proposed amendment would "moot" the Defendants' pending motion for judgment, to the extent that the undersigned otherwise is inclined to grant that motion. Because the time for filing a response in opposition to Plaintiffs' motion to amend has not yet expired, and oral argument on amendment would have been premature, the undersigned merely inquired whether Defendants intend to formally oppose the amendment. Defense counsel responded affirmatively.

## II.     Standard of Review Under Rule 12(c)

In the prior R&R, the Court set forth the standard of review applicable to the Defendants' motion to dismiss under Rule 12(b)(6). Defendants' current motion for judgment on the pleadings, filed under Rule 12(c), Fed. R. Civ. P., is subject to the same standard of review. *EEOC v. J.H. Routh Packing Co.,* 246 F.3d 850, 851 (6th Cir.2001). Accordingly, "we construe the complaint in the light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.,* 508 F.3d 327, 336 (6th Cir. 2007). While such determination rests primarily upon the allegations of the complaint, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th

3

Cir.2001) (quoting *Nieman v. NLO, Inc.,* 108 F.3d 1546, 1554 (6th Cir.1997)) (emphasis omitted). The court "need not accept the plaintiff's legal conclusions or unwarranted factual inferences as true." *Commercial Money Ctr.*, 408 F.3d at 336.

### III. UC is Entitled to Sovereign Immunity on Plaintiffs' ADA Claims for Injunctive and Declaratory Relief as Stated in the Original Complaint

As discussed below, Plaintiffs oppose Defendants' motion strictly on procedural grounds. Plaintiffs argue that because the Defendants failed to file objections to the February 2019 R&R, which was subsequently adopted as the opinion of this Court, the Court should not revisit the same issue it already ruled upon…." (Doc. 22 at 2). Permitting Defendants to present their argument under Rule 12(c), Plaintiffs assert, is akin to allowing Defendants to "end-run Rule 72(b)." (*Id.* at 3).

Although Plaintiffs urge this Court to apply the doctrine of "issue preclusion," Plaintiffs' objection to substantive review of Defendants' motion is more properly viewed under the "law of the case" doctrine and/or a "consent to suit" waiver to sovereign immunity. Because Plaintiffs' argument is not persuasive, and Defendants are entitled to sovereign immunity, Defendants' motion should be granted at this time.

### A. Neither Issue Preclusion nor the Law of the Case Preclude Defendants' Current Jurisdictional Challenge

UC clearly presented the defense of sovereign immunity to Plaintiffs' ADA claims in its initial motion to dismiss under Rule 12(b)(6). (*See* Doc. 6, asserting "Any claims against Defendants under Title II of the ADA are barred by the Eleventh Amendment."). In response, Plaintiffs argued vigorously that UC was not entitled to sovereign immunity based upon Plaintiffs' assertion of a constitutional violation. Alternatively, Plaintiffs claimed that the "abrogation of immunity for Title II claims is enforceable in the context of claims that do not involve constitutional violations but arise in the context of public

4

education." (Doc. 9 at 5). A significant portion of the prior R&R closely examined the governing law on whether Congress had abrogated sovereign immunity for Plaintiffs' Title II claims. (Doc. 11 at 6-17). Ultimately, under controlling Supreme Court case law as well as persuasive law from other jurisdictions, the undersigned concluded that sovereign immunity applied to bar Plaintiffs' ADA claims. Under the traditional formulation of Eleventh Amendment sovereign immunity, states are immune from suits for monetary damages. Therefore, the Court dismissed Plaintiffs' ADA claims for monetary damages.

Although neither Plaintiffs nor UC drew any distinction between the application of the sovereign immunity to claims for monetary damages versus claims for prospective relief, the R&R addressed that distinction *sua sponte*, noting that in the seminal case of *Ex parte Young*, 209 U.S. 123 (1908), the Supreme Court had held that that the doctrine of sovereign immunity does not necessarily bar all such claims.[2] In the absence of briefing from either party on *Ex Parte Young*, the undersigned declined to dismiss Plaintiffs' claims for prospective relief:

> Although sovereign immunity bars Plaintiffs' claims for monetary damages under the ADA, that same immunity does not bar Plaintiffs' claim for injunctive relief in the form of reinstatement to UC's College of Medicine. *See generally Ex parte Young*, 209 U.S. 123 (1908); *McCulley*, 2013 WL 1501994 at *4-5 (holding under *Ex parte Young* that immunity did not bar medical student's claim for injunctive relief). Accordingly, the undersigned recommends that UC's motion to dismiss claims for declaratory and injunctive relief be denied.

(Doc. 11 at 30).

---

[2] In Plaintiffs' response in opposition to the Defendants' motion, Plaintiffs argued in a conclusory fashion (without citation to authority) that their claims for injunctive relief should not be dismissed. (*See* Doc. 9 at 14 opposing dismissal of "state law claims and claims for injunctive and declaratory relief" because Defendants' "arguments are premised on the erroneous conclusion that Plaintiffs' ADA, Rehabilitation Act and Title VI claims are subject to dismissal"). Although UC did not address *Ex parte Young*, UC's motion relied heavily upon *McCulley v. University of Kansas School of Medicine*, 2013 WL 1501994 (D. Kansas April 10, 2013). Notably, the *McCulley* court declined to dismiss a plaintiff's claims for injunctive relief in the form of reinstatement to medical school, citing *Ex parte Young*.

5

As stated, neither UC nor Plaintiffs filed objections to the R&R, which was adopted for the opinion of the Court. Ordinarily, a failure to file specific objections to a Report and Recommendation may result in a waiver or forfeiture of a party's right to object to the R&R in a subsequent appeal to the Sixth Circuit. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Seeking to expand the Sixth Circuit's forfeiture rule, Plaintiffs now argue that the failure of UC to file objections bars UC from raising the issue anew to this Court, under the doctrine of issue preclusion. It does not. Issue preclusion has no application here, because there has been no final disposition of this case.

Even if Plaintiffs' argument is construed as raising principles of the "law of the case,"[3] that doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit on their power." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817, 108 S. Ct. 2166, 2170 (1988) (internal quotation marks and citation omitted). This court retains the power to revisit any prior decision, and finds it particularly appropriate to do so on the record presented, where the decision concerns the scope of the Defendants' clearly asserted sovereign immunity and this Court's subject matter jurisdiction.

### B. UC Has Not Waived Sovereign Immunity

The assertion of sovereign immunity directly impacts this Court's jurisdiction. *See Puckett v. Lexington–Fayette Urban County Government*, 833 F.3d 590, 598 (6th Cir. 2016). However, there are three exceptions to sovereign immunity under which a federal court may exercise jurisdiction over a claim asserted against a state:

> (1) when the state has consented to suit; (2) when the exception set forth

---

[3] Plaintiffs' counsel advocated for the application of this doctrine at oral argument.

> in *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) applies; and (3) when Congress has clearly and expressly abrogated the state's immunity. *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008) (citation omitted).

*Puckett*, 833 F.3d at 598. Defendants' prior Rule 12(b)(6) motion and Plaintiffs' response both focused almost exclusively on the third exception - whether Congress had expressly abrogated states' sovereign immunity as to the ADA claims asserted by Plaintiffs. Not surprisingly, the prior R&R reflects that same focus.

This Court raised the *Ex parte Young* (second) exception to the application of sovereign immunity *sua sponte*, in a manner that was intended to be consistent with the Court's continuing obligation to examine its own jurisdiction. The undersigned assumed the application of the doctrine without benefit of briefing, and with the presumption that courts should be loathe to grant motions to dismiss on issues that have not been squarely presented. In hindsight, and with the benefit of UC's newly briefed Rule 12(c) motion that does squarely address this issue, the undersigned concludes that the *Ex parte Young* exception does not apply and does not save Plaintiffs' claims for prospective relief.

The prior R&R cited *McCulley*, a Kansas district court case, for its holding that a medical student's claim for injunctive relief was not barred under *Ex parte Young*. In its Rule 12(c) motion, UC points to a critical distinction between that case and this one; namely, that in *McCulley*, the medical student had filed his claims against the school of medicine's Acting Dean. By contrast, Plaintiffs' original complaint does not name any individuals or officials as Defendants, but seeks relief exclusively against UC. Whereas *Ex parte Young* provides an exception to sovereign immunity when a party is seeking prospective relief against a state official, the exception "has no application in suits against States and their agencies, which are barred regardless of the relief sought." *Puerto Rico*

*Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). Therefore, this Court lacks jurisdiction over Plaintiffs' original claims for injunctive and declaratory relief against UC under the Eleventh Amendment.

Plaintiffs' primary opposition rests on their position that UC should not be permitted to raise the *Ex parte Young* issue at this time. Plaintiff maintains "there is nothing new…that was not addressed in Magistrate Judge Bowman's Report and Recommendation," and reiterates that UC "chose not to file written objections" to the prior R&R. (Doc. 22 at 3). For the reasons stated, the undersigned finds no procedural bar to the ability of UC to present this jurisdictional issue in a new Rule 12(c) motion. At the same time, the undersigned recognizes that Plaintiffs' argument theoretically could be construed as claiming that UC has "consented" to Plaintiffs' claims for prospective relief through its conduct, implicating the first exception to the bar of sovereign immunity. In other words, Plaintiffs *might* be attempting to argue that UC's conduct in this litigation waived its immunity. Even if Plaintiffs' argument were so construed, however, it would fail to persuade under controlling legal authority. *See generally Boler v. Earley*, 865 F.3d 391 (6th Cir. 2017) (holding that state defendants' litigation conduct did not rise to the level of a waiver of Eleventh Amendment immunity).

### C. The Impact of the Proposed Amended Complaint

On September 6, 2019, Plaintiffs moved for leave to amend their complaint to clarify that they are suing only a single entity "the University of Cincinnati" while simultaneously adding two UC officials as new individual Defendants. The proposed amended complaint identifies the individuals only by name, not by title, and does not allege any specific actions that the individuals took against either of the Plaintiffs other than alleging that they are "agents and decision makers of UC's medical school." (Doc.

28-1 at ¶6). It is not entirely clear whether the newly proposed individual Defendants would, or would not, have authority to grant the prospective injunctive relief that Plaintiffs seek.

Rather than speculate about whether Plaintiffs' proposed amendment would "moot" the otherwise fully-ripe motion for judgment on the pleadings, the undersigned recommends granting Defendants' motion for judgment at this time, but without prejudice to Plaintiffs' ability to file a new motion for leave to amend, or alternatively to rest on their existing motion. In the interests of judicial economy, a separate Order will be entered this same day that will permit Plaintiffs additional time in which they may either withdraw the current motion and re-file a new motion for leave to amend in light of this R&R, or alternatively, state their intention to continue briefing on their current motion.

### IV. Conclusion and Recommendations

In conclusion, **IT IS RECOMMENDED THAT** UC's motion for judgment on the pleadings on Plaintiffs' remaining ADA claims for injunctive and declaratory relief as stated in the original complaint (Doc. 19) be **GRANTED**, leaving only a single claim by Plaintiff Ahmad's alleging Title VI discrimination. However, this recommendation is without prejudice to the reinstatement of any appropriate claim for injunctive relief should Plaintiffs subsequently be granted leave to file an amended complaint.

      *s/ Stephanie K. Bowman*
      Stephanie K. Bowman
      United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

AHMAD SAQR, et al.,

        Plaintiff,

v.

THE UNIVERSITY OF CINCINNATI, et al.,

        Defendants.

Case No: 1:18-cv-542

Dlott, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).