**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

AHMAD SAQR, et al.,

        Plaintiff,

v.

THE UNIVERSITY OF CINCINNATI, et al.,

        Defendants.

Case No: 1:18-cv-542

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On August 3, 2018, two brothers, Ahmad Saqr and Omar Saqr, filed suit against the University of Cincinnati and the University of Cincinnati College of Medicine (collectively "UC").[1] Pursuant to an Order of the presiding district judge, this case has been referred to the undersigned magistrate judge. (Doc. 3). Presently pending is Plaintiffs' motion for leave to file an amended complaint. For the reasons that follow, the undersigned recommends the denial of that motion.

**I.    Background**

On February 20, 2019, the undersigned recommended that UC's motion for judgment on the pleadings be granted in part as to multiple claims presented in Plaintiffs' original complaint. (Doc. 11; see also Doc. 15, adopting R&R on March 14, 2019). Soon thereafter, UC filed a second motion for judgment on the pleadings, seeking the dismissal of additional Americans with Disability Act ("ADA") claims on grounds of sovereign

---

[1]Despite being identified as separate Defendants in Plaintiffs' original complaint, the University of Cincinnati College of Medicine is not a separate legal entity from the University of Cincinnati. Plaintiffs' tendered amended complaint corrects the error to identify UC as a single entity Defendant.

immunity. After allowing oral argument,[2] the undersigned recommended granting that motion. (Docs. 19, 30). Days before oral argument was scheduled, however, Plaintiffs moved for leave to file an amended complaint. (Doc. 28). At oral argument, UC stated its intention to file a memorandum in opposition to the proposed amendment.

For reasons of judicial economy, the undersigned filed the R&R recommending dismissal of the ADA claims as stated in the original complaint without prejudice to Plaintiffs' ability to reinstate those claims if later granted leave to amend. At the same time, the Court entered an Order that permitted (but did not require) Plaintiffs to withdraw and/or refile their then-recently-filed motion for leave to file an amended complaint, so that Plaintiffs could fully consider and incorporate the recommended ruling if desired. An accompanying Order set a deadline of September 30, 2019 by which Plaintiffs were required to withdraw their pending motion to amend and re-file any new motion with a new first amended complaint. The Court explained that if Plaintiffs instead elected to rest on their <u>existing</u> motion for leave to file a first amended complaint, the undersigned would review the tendered complaint following the completion of expedited briefing.

After receipt of the September 23 R&R and Order, Plaintiffs chose to rest on their existing motion for leave to file an amended complaint. UC filed a response in opposition to that motion, to which Plaintiffs filed a reply on October 11, 2019. Based upon new matters presented by Plaintiffs in their reply, UC was granted leave to file a sur-reply.

Plaintiffs' original complaint alleged that Defendants violated the Americans with Disabilities Act, the Rehabilitation Act, and Title VI as well as related state laws, when UC's Performance and Advancement Committee recommended Plaintiffs' respective

---

[2] Plaintiffs' request for argument was granted in accordance with the undersigned's standard practice of permitting newer attorneys the opportunity to argue any motion upon request.

dismissals from UC's medical school program and those recommendations were upheld by an appeal panel. As stated, in two prior R&Rs, the undersigned recommended granting two motions to dismiss various claims filed by Plaintiffs. The first of those R&Rs has been adopted by the presiding district judge, but the second R&R remains pending.

In the February 2019 R&R adopted by the Court, the undersigned recommended the dismissal of Plaintiffs' ADA claims Counts I and II (all ADA claims except for the portion of Count I that sought injunctive relief), Count III (Rehabilitation Act claims), Count IV (state discrimination claim), Count VI (Title VI retaliation claim); and Count VII (state breach of contract claim), as well as the dismissal of "the portion of Count V in which Plaintiff Omar [Saqr] asserts a Title VI discrimination claim." Thus, after the first R&R was adopted, the only remaining claims were Plaintiff Ahmad's Title VI discrimination claim and both Plaintiffs' claims for injunctive and declaratory relief under the ADA.

However, in the second R&R filed on September 23, 2019, the undersigned further recommended the dismissal of Plaintiffs' claims for declaratory and injunctive relief under Title II of the Americans with Disabilities Act based upon UC's assertion of sovereign immunity. (Doc. 30). The more recent R&R noted that the recommended dismissal of all other claims left "only a single claim …alleging Title VI discrimination" by Plaintiff Ahmed Saqur. However, the R&R expressly stated that "this recommendation is without prejudice to the reinstatement of any appropriate claim for injunctive relief should Plaintiffs subsequently be granted leave to file an amended complaint." (*Id.* at 9).

II. **Analysis**

A. **Plaintiffs' September 6, 2019 Tendered First Amended Complaint**

Plaintiffs' September 6 motion seeking leave to file a first amended complaint asserts that their "amendments will not substantially change the nature of the case" and

3

that their proposed amended complaint only seeks to restate "the claims that survived Defendant's Motion to Dismiss." (*Id.* at 3). Contrary to that assertion, however, a cursory review of the proposed amended complaint reflects the addition of two new individual Defendants, Andrew Filak Jr. and Laura Malosh, both of whom Plaintiff seeks to add in their official capacities. Also in contrast to Plaintiffs' representation that they seek only to restate the claims that survived dismissal, the tendered amended complaint attempts to re-state several previously dismissed claims.

Plaintiffs' motion to amend their complaint was filed after UC's second motion for judgment had been fully briefed, just days before oral argument on that motion. The proposed addition of the two individual Defendants appears to have been intended to address the deficiency on which UC's motion was based: UC's entitlement to sovereign immunity on all ADA claims and the failure of the original complaint to name any individual Defendants. As the undersigned explained in the September 23 R&R that recommended granting UC's motion and dismissing Plaintiffs' ADA claims for injunctive relief: "Whereas *Ex parte Young* provides an exception to sovereign immunity when a party is seeking prospective relief against a state official, the exception 'has no application in suits against States and their agencies, which are barred regardless of the relief sought.'" (Doc. 30 at 7-8, quoting *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993)).

Because Plaintiffs' motion for leave to file an amended complaint was not yet ripe at the time the September 23 R&R was filed, the R&R did not fully address whether the proposed amended complaint cured the deficiency. The undersigned recognized that Plaintiffs proposed to add two individual Defendants. However, the undersigned pointed out that the tendered amended complaint added little more than two individuals names:

4

> The proposed amended complaint identifies the individuals only by name, not by title, and does not allege any specific actions that the individuals took against either of the Plaintiffs other than alleging that they are "agents and decision makers of UC's medical school." (Doc. 28-1 at ¶6). It is not entirely clear whether the newly proposed individual Defendants would, or would not, have authority to grant the prospective injunctive relief that Plaintiffs seek.
>
> Rather than speculate about whether Plaintiffs' proposed amendment would "moot" the otherwise fully-ripe motion for judgment on the pleadings, the undersigned recommends granting Defendants' motion for judgment at this time, but without prejudice to Plaintiffs' ability to file a new motion for leave to amend, or alternatively to rest on their existing motion. In the interests of judicial economy, a separate Order will be entered this same day that will permit Plaintiffs additional time in which they may either withdraw the current motion and re-file a new motion for leave to amend in light of this R&R, or alternatively, state their intention to continue briefing on their current motion.

(Doc. 30 at 8-9).

The Court entered an Order to the same effect, allowing but not requiring Plaintiffs additional time, up through September 30, 2019, in which to withdraw their pending motion seeking leave to amend their complaint and re-file a new motion seeking leave to amend, which would allow Plaintiffs to tender a new version of a First Amended Complaint that could address the shortcomings identified in the R&R. Alternatively, the Court directed the parties to expedite their briefing on the pending motion. Plaintiffs chose to rest on their September 6 motion.

### B. Plaintiffs' October 11, 2019 "Amended" Tendered First Amended Complaint Should be Stricken or Disregarded

Although Plaintiffs complied with the Court's expedited deadline for filing a reply memorandum in support of their motion to amend, their reply was not limited in scope to the Defendants' response in opposition to the amendment. Instead, Plaintiffs' reply presented an entirely new argument – along with a "new and improved" version of their first amended complaint.

5

The October 11 amendment to the previously tendered amended complaint is procedurally improper. Plaintiffs did not withdraw their prior motion seeking leave to file the September 6 version of an amended complaint, and no new motion seeking leave to amend accompanies the pleading appended as an exhibit to Plaintiffs' reply memorandum. By way of explanation, the reply states: "To ensure Defendants clearly understand the claims Plaintiffs want to pursue, as well as the reasoning behind naming the official capacity Defendants, Plaintiffs have amended the Proposed Amended Complaint and attached it to this Reply." (Doc. 35 at 2). Based upon this newly tendered "amendment" to the previously tendered amended complaint, Defendants were granted leave to file a sur-reply.

This Court's prior Order was very clear in directing Plaintiffs to either stand by their existing motion and tendered amended complaint, or to withdraw that motion and re-file a new motion seeking leave to amend (along with a new amended complaint) not later than September 30, 2019. Plaintiffs' disregard of the Court's Order in the guise of a reply memorandum cannot be sanctioned. The new "amendment" to the previously tendered first amended complaint is beyond the scheduled deadline for amendment as well as procedurally improper. In a sur-reply, UC requests that the improperly tendered pleading be stricken from Plaintiffs' reply memorandum. (Doc. 37 at 3). Although the undersigned declines to formally strike the improper pleading, the undersigned agrees that the pleading should not be considered. If any reviewing court disagrees, the undersigned alternatively would recommend the denial of the latest proposed amendment.

### C. Plaintiff's September Proposed Amendment Would be Futile

Rule 15(a)(2), Fed. R. Civ. P., provides that a court should "freely give leave" to amend pleadings "when justice so requires." However, the denial of leave to amend is

6

appropriate in instances of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Riverview Health Institute LLC v. Medical Mutual of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010) (quoting *Foman v. Davis*,371 U.S. 178, 182 (1962)). Defendant opposes the motion to amend on grounds of futility. A motion to amend a complaint should be denied as futile when the complaint as amended would not survive a motion to dismiss. *See Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 574 (6th Cir. 2010). The undersigned agrees that leave to amend should be denied in this instance.

First, amendment should be denied because the tendered amended complaint fails to eliminate claims that previously were dismissed by this Court. On March 14, 2019, the Court adopted the undersigned's first R&R and dismissed Plaintiffs' state law, ADA retaliation, Title VI retaliation, and Rehabilitation Act claims, as well as Plaintiff Omar Saqr's Title VI discrimination claim. (Doc. 15). The only claims that survived dismissal were (1) Plaintiff *Ahmad* Saqr's Title VI discrimination claim; and (2) both Plaintiffs' ADA claims for injunctive and declaratory relief. However, in the tendered amended complaint, Plaintiffs inexplicably restate many of the dismissed claims, without adding any new allegations to suggest new factual or legal grounds to support those claims. (*See, e.g.*, ¶¶ 1, 8, 70-75, realleging Rehabilitation Act and state law claims, as well as ADA retaliation claim; *see also* Doc. 28-1 at 9, Count III, realleging Title VI discrimination "Only as to Plaintiff Omar Saqr" despite the prior dismissal of the same Plaintiff's discrimination claim). After the Court's adoption of the first R&R, on September 23, 2019, the undersigned filed a second R&R that recommended the additional dismissal of both Plaintiffs' ADA claims for injunctive and declaratory relief. (Doc. 30). In other words, the

undersigned has now recommended the dismissal of all claims other than Plaintiff Ahmed's Title VI discrimination claim – a single claim that is mysteriously absent from the face of the tendered amended complaint.[3]

The second basis for denial of the Plaintiffs' motion to amend is that the proposed addition of the two new individuals' names, without <u>any</u> supporting factual allegations, is insufficient to save Plaintiffs' ADA claims for injunctive or declaratory relief under the *Ex Parte Young* doctrine. In the September 23, 2019 R&R, the undersigned recommended the dismissal of Plaintiffs' ADA claims for injunctive or declaratory relief based upon UC's sovereign immunity. The referenced R&R explained that Plaintiffs' claims were not saved by the *Ex Parte Young* doctrine because Plaintiffs had not named any individual Defendants who could provide them the relief that they requested (including reinstatement to the medical school).

The tendered amended complaint contains nearly identical allegations to Plaintiffs' original complaint, with the sole change to the identity of the singular "Defendant" now alleged to be "the University of Cincinnati, Andrew Filak Jr., and Laura Malosh (collectively, 'Defendant')" (Doc. 28-1 at 2). In their original complaint, Plaintiffs referred to two separate UC entities as a collectively singular "Defendant." Aside from that cursory change and inclusion of the individuals in the defined singular use of "Defendant" throughout the complaint, the only other reference to Filak and Malosh occurs in paragraph 6 of the tendered Amended Complaint, which reads in its entirety:

---

[3] Some of the paragraphs underneath a caption identifying the single Title VI claim as that of "Omar" Saqr continue to refer to Ahmad Saqr, which suggests (despite some ambiguity) that the reference to Omar in the caption may have been a clerical error and that Plaintiff Ahmad Saqr did not intend to withdraw his only remaining viable claim. (*See* Doc. 34 at 4, n.2, noting Defendant's confusion as to whether Plaintiff Ahmad Saqr has abandoned his only remaining claim).

> 6. Defendants Andrew Filak Jr. and Laura Malosh are agents and decision makers of UC's medical school. All claims against Defendants Ball [sic] mand Malosh are for their actions in their official capacity.

(*Id.*)

This minimal inclusion of Filak and Malosh in name only is insufficient to state a claim. As the undersigned pointed out in the September R&R, Plaintiffs' inclusion of two individuals' names is devoid of any supporting factual allegations, including but not limited to the titles or positions held by those individuals, and does not allege any specific actions that either individual took against either of the Plaintiffs. The allegation that both individuals "are agents and decision makers of UC's medical school" appears to be a conclusory legal assertion as opposed to a factual allegation. *See Bird v. Delacruz*, 2005 WL 1625303 at *4, 2005 U.S. Dist. LEXIS 48388 at **10-11 (S.D. Ohio July 6, 2005) (collecting cases finding that it is insufficient to merely plead the legal conclusion of agency without factual support). A "legal conclusion couched as a factual allegation" is insufficient as a matter of law to state a claim against either individual. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At a minimum, a state official identified as a defendant must have "some connection with the alleged unconstitutional act or conduct of which the plaintiff complains." *Top Flight Entm't, Ltd. v. Schuette*, 729 F.3d 623, 634 (6th Cir. 2013) (internal quotation marks and additional citation omitted). Suit will not lie in the absence of facts showing that the state official has some responsibility for the alleged constitutional violations. The "connection" requirement is designed to ensure that the state official is not merely being sued "as a representative of the state" in an attempt to get around the State's Eleventh Amendment immunity. *Ex Parte Young*, 209 U.S. at 157.

In their reply memorandum, Plaintiffs urge this Court to take judicial notice of facts that they have not alleged in their tendered amended complaint. Specifically, Plaintiffs

9

urge the Court to take judicial notice that UC's website identifies Defendant Filak as the current Dean of the College of Medicine and identifies Defendant Malosh as the Assistant Dean. Plaintiffs argue that as current Dean, Filak "has dominion and control over all operations" and "has the final decision regarding dismissal." (Doc. 35 at 4). Plaintiffs argue that according to UC's website, Assistant Dean Malosh oversees academic support and counseling, which would include disability accommodations. However, Plaintiffs admit that Filak "was not the Dean at the time of Plaintiffs'' enrolment [sic] with the university." (*Id.* at 4, n.17).

Defendant UC argues that it would be improper for this Court to assume facts not included in the tendered amended complaint filed on September 6, 2019. I agree. Courts are limited in the type of facts as to which they can take judicial notice. Assuming that this Court can take judicial notice of the *content* contained on a website operated by a governmental entity in the context of a motion for judgment on the pleadings, such notice would not be appropriate here because Plaintiffs' complaint does not refer to that website in any manner. As another court explained:

> Plaintiffs' reliance on the doctrine of judicial notice is misplaced. "A court may judicially notice a fact that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 201(b). "Public record and government documents are generally considered 'not to be subject to reasonable dispute.' " *U.S. ex rel. Dingle v. BioPort Corp.,* 270 F.Supp.2d 968, 972 (W.D.Mich.2002) (citing *Grimes v. Navigant Consulting, Inc.,* 185 F.Supp.2d 906, 913 (N.D.Ill.2002) (taking judicial notice of stock prices posted on a website); *Cali v. E. Coast Aviation Servs., Ltd.,* 178 F.Supp.2d 276, 287 (E.D.N.Y.2001) (taking judicial notice of documents from Pennsylvania state agencies and Federal Aviation Administration)). Plaintiffs are correct in asserting that a court docket is the type of public document that is not reasonably open to dispute.
>
> However, in order for the Court to take judicial notice of a public document, Plaintiff must either refer to or attach the public record to the Complaint. "Assessment of the facial sufficiency of the complaint must ordinarily be

> undertaken without resort to matters outside the pleadings." *Wysocki v. Int'l Bus. Mach. Corp.,* 607 F.3d 1102, 1104 (6th Cir.2010). "However, a court may consider 'exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to the Defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein." *Rondigo, L.L. C. v. Township of Richmond,* 641 F.3d 673 (6th Cir.2011).

*Ghaster v. City of Rocky River*, 913 F.Supp.2d 443, 454–55 (N.D. Ohio 2012). Plaintiffs do not proceed pro se but are represented by counsel. "It is not the responsibility of the court to rewrite the complaint to set forth a claim." *Cornett v. Magnum Hunter Prod.*, 585 Fed. Appx. 316, 317 (6th Cir. 2014); *accord, Ghaster*, 913 F. Supp.2d at 464 n. 2; *see also Steele v. Edwards*, 2016 WL 7325333 at *2 (M.D. Tenn. Dec. 16, 2016) (holding that proposed amendment was improper where plaintiff identified no factual basis for seeking injunctive relief because of a threat of future injury at hands of the newly proposed defendant).

Even if Plaintiffs had included factual allegations sufficient to indicate specific actions undertaken by Drs. Filak or Malosh, and sufficient to clarify that those two individuals have the authority to grant the injunctive relief that Plaintiffs seek,[4] UC argues that the amendment would fail as a matter of law based upon the applicable statute of limitations.

Based on the allegations of the complaint, the undersigned will assume that UC intends its limitations argument to apply only to Plaintiff Ahmed Saqr, who allegedly was dismissed in August 2016.[5] The undersigned previously noted that "[m]ultiple cases suggest that Plaintiff Ahmad's claims may well be time-barred." (Doc. 11 at 18). However, UC's prior motion to dismiss that Plaintiff's claims was denied because no

---

[4] The referenced website content does not suggest that Dr. Malosh possesses the authority to reinstate Plaintiffs.
[5] Plaintiffs allege that Omar Saqr was "finally dismissed on January 1, 2018."

discovery had yet occurred, and the original complaint contained one potential date of a "final" dismissal that fell within the limitations period.

The addition of new Defendants does not automatically relate back to the date of the original filing of the complaint. *See* Rule 15(c)(1)(C). Plaintiffs concede that the amendment would be untimely unless Drs. Filak or Malosh had notice of Ahmed's claims within 90 days of the date the complaint was filed. Plaintiffs argue, however, that there is a presumption of notice when a complaint is amended to name officials or agents of the original Defendant. Plaintiffs maintain that the two individuals had imputed knowledge because they are UC's "top administrators." (Doc. 35 at 7). For the reasons discussed, accepting allegations not pleaded in the tendered amended compliant is problematic. The problematic nature of such an assumption is compounded when one considers that Plaintiffs also admit that Filak was not Dean at the time of the events in question.

The undersigned concludes that the "relation back" doctrine does not apply on the circumstances presented, where Plaintiffs are attempting to add entirely new parties. In the recent case of *Durham v. Martin*, 388 F. Supp.3d 919 (M.D. Tenn. 2019), the district court reviewed controlling case law and Rule 15 and rejected a similar argument that the belated amendment of a complaint to add new claims against individuals in their official capacity should relate back to the original filing. Although *Durham* is non-binding and is presently on appeal, the undersigned finds its "relation back" analysis to be persuasive. Indeed, another court in this district previously reached a similar conclusion. *See Smtih v. Gallia County Sheriff*, 2011 WL 2970931 (S.D. Ohio July 20, 2011).

The undersigned further concludes that the proposed tendered amendment should be denied on the basis of undue delay, because it was not filed until more than a year after the filing of the original complaint, and long after UC had engaged in extensive paper

12

discovery and had deposed both Plaintiffs.[6] In their reply memorandum, Plaintiffs argue that there is no undue delay because the need to amend only arose after the undersigned recommended the dismissal of Plaintiffs' ADA claims based upon sovereign immunity. However, the tendered amendment was filed more than six months after the undersigned filed the first R&R recommending judgment on the pleadings yet attempts to restate many of those claims without adding any new factual allegations. As for the more recent R&R, Plaintiffs' misunderstanding about who might be a proper defendant does not excuse their delay. *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 971 (6th Cir. 1973).

The undersigned also concludes that the Defendant would be unduly prejudiced by the tardy amendment so close to the prior discovery deadline.[7] Plaintiffs deny that UC would be prejudiced, arguing that "Malosh and her actions were heavily discussed" in Plaintiffs' depositions. However, Plaintiffs do not allege (nor could they, considering he was not the Dean at the time) that Filok's actions were discussed. The fact that some discovery relevant to Malosh may have occurred does not mean that Malosh would not be prejudiced, as a non-party's interests during a deposition may differ greatly from the same individual's interests if she is a named party.

### D. If Plaintiffs' Improper Amendment to the Tendered Amended Complaint Attached to the Reply Memorandum is Considered, Leave to Amend Should Still be Denied

Even if a reviewing court were to disagree with the undersigned and overlook the procedural improprieties in order to consider the improper "amendment" to the previously

---

[6] The proposed amendment also occurred long after Plaintiffs represented in a March 22, 2019 joint discovery plan that they did not anticipate adding parties or claims. (Doc. 16 at PageID 135).

[7] The undersigned recently granted the parties' joint motion to extend that deadline to allow additional time for the filing of this R&R and the presiding district judge's review of the recommended rulings.

tendered first amended complaint, the undersigned still would recommend that Plaintiffs' motion for leave to amend be denied on the basis of undue prejudice and delay.

In addition, as UC points out in its sur-reply, this Court previously dismissed Plaintiffs' ADA retaliation claims not only based upon sovereign immunity, but also based upon a failure to state a claim. In the February R&R, the undersigned highlighted the threadbare nature of Plaintiffs' allegations, including the lack of any factual detail concerning who, what, when or where events occurred. In the October 11 tendered amendment, Plaintiffs indicate that they wish to make the singular "Defendant" inclusive of the two individual Defendants, but otherwise add no factual detail and make no effort to differentiate between UC, Malosh or Filak. This Court previously warned Plaintiffs that their complaint should be able "to identify some minimal level of detail within Plaintiffs' knowledge, such as the name or title of the person(s) to whom they allegedly complained, whether the complaints were oral or in writing, and/or a rough time frame of when they expressed those complaints." (Doc. 11 at PageID 99). Plaintiffs' latest iteration is no less threadbare and conclusory. In fact, Plaintiffs' acknowledgement that Dr. Filak was not the Dean at the time Plaintiffs were enrolled runs counter to any possibility that he could have retaliated against the Plaintiffs. (See Doc. 35 at n. 17).

As for the relief sought based on Plaintiffs' discrimination claims, Plaintiffs seek "an order enjoining Defendants from continuing to conduct itself in a manner that discriminates against students on the basis of race and/or disability." (Doc. 35-1 at ¶94, PageID 234). However, Plaintiffs have no standing to request relief for other "students." *See generally Warth v. Seldin*, 422 U.S. 490, 499 (1975) (a party "generally must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties."). Of course, Plaintiffs' primary claim for injunctive relief appears

to be their request for reinstatement to the College of Medicine. However, UC argues that Dr. Malosh has no authority to reinstate Plaintiffs. Plaintiffs' latest tendered amendment does not suggest otherwise. And, although Dean Filak may possess greater authority, Plaintiffs' failure to name the prior Dean and Dr. Filak's lack of any personal connection to the alleged ADA violations makes injunctive relief against him inappropriate.

### III. Conclusion and Recommendation

In conclusion, **IT IS RECOMMENDED THAT** Plaintiffs' motion to amend or correct their complaint (Doc. 28) be **DENIED**.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

AHMAD SAQR, et al.,

        Plaintiff,

v.

THE UNIVERSITY OF CINCINNATI, et al.,

        Defendants.

Case No: 1:18-cv-542

Dlott, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).